UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS MOONEY, *et al*,

        Plaintiffs,

v.

CITY OF DEARBORN, *et al*,

        Defendant.

_____/

Case No. 08-12124

Denise Page Hood
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

A.    Procedural History

Plaintiffs filed a motion to compel discovery on August 19, 2008.  (Dkt. 8).

This motion was referred to the undersigned for hearing and decision by District

Judge Denise Page Hood.  (Dkt. 10).  The Court directed the parties to meet and

confer to attempt to resolve their disputes and to submit a joint statement of

resolved an unresolved issues by September 18, 2008, in advance of the hearing set

for September 22, 2008.  (Dkt. 11).  Plaintiffs timely filed a statement, outlining

the parties' discovery disputes and stating that "Plaintiffs' counsel attempted to

contact Defense counsel to meet and confer about this motion by multiple emails

and telephone calls to multiple attorneys in the office" and "[o]ther than stating

that Defense counsel would get back to Plaintiffs' counsel, no substantive response was received before the filing deadline for this Statement." (Dkt. 12). An amended joint statement was filed the following day, containing defendants' positions on the discovery issues in dispute. (Dkt. 13). Defendants, however, never filed any response to plaintiffs' motion to compel.

B.     Standard of Review

It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). All parties agree that in order for information to be relevant at the discovery stage, and thus discoverable, it must be relevant to "any party's claim or defense" and, while the information itself need not be admissible in an evidentiary sense, it must still be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *see also Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), quoting, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970) ("The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." ).

C.    <u>Relief</u>

As set forth in the joint statement and as argued at the hearing, several overarching discovery issues were raised by plaintiffs.  First, defendants' counsel represents in the joint statement that no items exist in response to certain discovery requests, but no such answers are provided under oath.  Second, defendants' initial interrogatory responses are only signed by counsel only, not defendants.  With respect to these two issues, defendants must provide properly signed interrogatory answers, made under oath, in accordance with Rule 33(b).

Plaintiffs also point out that defendants claim privilege in their answers to discovery, but do not provide any privilege log in accordance with Rule 26(b)(5).  On examination of this issue at the hearing, defendants explained that they only claim privilege regarding certain aspects of a workers compensation litigation file pertaining to plaintiff Logan and they do not claim privilege as to any documents that are actually responsive to plaintiffs' discovery requests.  Defendants must revise their discovery responses to clarify their position.

**Interrogatories 4-9.**  Instead of answering the interrogatories regarding the investigations complained of in plaintiffs' complaint, defendants claimed that the requests were too vague and then simply produced the documents that it deemed would provide the information plaintiffs sought in their interrogatories.  It does not

appear, however, that defendants properly utilized Rule 33(d), which sets forth the procedure a party may utilize if it chooses to produce its business records in lieu of answering interrogatories. Specifically, Rule 33(d) provides that, when an answer to an interrogatory may be derived or ascertained from the business records of the party on whom the interrogatory has been served, it is "sufficient answer to the interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries." Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2178; Fed.R.Civ.P. 33(d). When a party invokes Rule 33(d), it must first affirm "that the information sought by the interrogatory in fact is available in the specified records," represent "that the information is in the designated records," and must "specify where in the records it can be found." Wright & Miller, 8A Fed. Prac. & Proc. Civ.2d § 2178. Second, a responding party must demonstrate that answering the interrogatory in the traditional manner would impose a burden on it. The responding party must show that the burden of compiling the information be substantially the same for the inquiring and the responding parties. As Wright & Miller explain, this "means, at a minimum, that the responding party is representing that it would have to glean the information from the designated

records; if another more convenient method for obtaining the information exists it should be used." *Id*.

Defendants did not attempt to satisfy their burden under Rule 33(d). Thus, the Court concludes that plaintiffs are entitled to complete (and sworn) narrative answers to interrogatories 4-9 relating both to investigations into wrongdoing about which plaintiffs claim to be whistle blowers, and investigations about any alleged wrongdoing or misconduct by plaintiffs.

**Interrogatories 21-23**. Plaintiffs are unsatisfied with defendants' response regarding all persons who "participated" in the decision to terminate plaintiffs. While the request could have been more precise, the Court concludes that defendants must identify, in their interrogatory answers, all persons who gathered or provided information as part of the inquiry into the most recent investigation of plaintiffs leading to their termination.

**Interrogatories 25-26**. The Court concludes that plaintiffs are entitled to a reasonable summary of the potential testimony that each witness may provide.

**Request for Production 11.** The Court concludes that defendants must produce a copy of any policy that was the basis of a disciplinary action against either plaintiff.

**Request for Production 14**.  If there are no documents that are responsive to this request, in accordance with their represented position, defendants must provide a proper response indicating as such.  Defendants must produce the surveillance DVD by Friday, September 26, 2008.

**Request for Production 15.**  Defendants must produce the DVD of the city council meeting by September 26, 2008.

**Request for Production 17**.  Defendants must produce the Bennett Sebastian file.

**Request for Production 23.**  As set forth above, in accordance with their represented position, defendants will supplement their response by stating that no other responsive documents are claimed to be privileged, other than the workers compensation case materials, which plaintiffs do not seek.

**Request for Production 47**.  Plaintiffs will rephrase this request and serve the new document request on defendants.

**Request for Production 48**.  The Court concludes that plaintiffs are entitled to responsive information and documents that may be contained in the personnel file of Mike Guido, Jr., as they relate to the alleged misuse of city property, whether such documents were prepared contemporaneously with the alleged misuse, or any time thereafter.  In accordance with their represented position,

defendants must provide a revised response stating that all responsive documents, including those in Mr. Guido's personnel file (in whatever form they exist therein), have been produced.

**Request for Production 49-53**.  Plaintiffs will re-draft these requests to narrow them, and serve any new requests on defendants.

**Request for Production 54**.  Defendants must revise their response, in accordance with their represented position, to state that there is nothing in the Bennett Sebastian personnel file (in whatever form they exist therein) regarding the alleged fraud that was not already produced to plaintiffs.

**Request for Production 56**.  In their amended discovery responses, defendants must identify and produce documents, to the extent that they have not already been identified and produced, that defendants reasonably believe will be used at depositions or at trial.

Plaintiffs also request sanctions because defendants have been dilatory in responding to discovery and with respect to this motion.  The Court directs plaintiffs to file a separate motion for sanctions detailing counsel's efforts to obtain discovery and resolve this motion, for the Court's consideration.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a). Any objections a re required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: October 8, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Laurie M. Ellerbrake, John A. Entenman, Deborah L. Gordon, and William H. Irving, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Deborah L. Gordon Associates, 33 Bloomfield Hills Parkway, Suite 275, Bloomfield Hills, MI 48304; Debra A. Walling, Dearborn City Legal Department, 13615 Michigan Avenue, Suite 8, Dearborn, MI 48126.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov